**Alicia MITCHELL–FOXWORTH, Plaintiff–Appellant,**

**v.**

**AMERICAN BIBLE SOCIETY, Defendant–Appellee.**

**No. 05–5266.**

United States Court of Appeals, Second Circuit.

May 16, 2006.

Ambrose Wotorson, Brooklyn, New York, for Plaintiff–Appellant.

---

Lori D. Bauer, Jackson Lewis, LLP (Peter C. Moskowitz, on the brief), New York, New York, for Defendant–Appellee.

PRESENT: WILFRED FEINBERG, SONIA SOTOMAYOR, and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Alicia Mitchell–Foxworth appeals from a judgment of the United States District Court for the Southern District of New York (Mukasey, C.J.) granting summary judgment to defendant-appellant American Bible Society ("ABS") with respect to, *inter alia*, Mitchell–Foxworth's claim that she was retaliated against for complaining about activity protected by 42 U.S.C. § 1981.[1] We assume the parties' familiarity with the facts of the case, its procedural history, and the issues on appeal.

We review grants of summary judgment *de novo*. *See, e.g., Horvath v. Westport Library Ass'n*, 362 F.3d 147, 151 (2d Cir. 2004). "[T]o be actionable under § 1981, the [alleged] retaliation must have been in response to the claimant's assertion of rights that were protected by § 1981." *Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684, 693 (2d Cir.1998).

Mitchell–Foxworth's claim fails as a matter of law because she has adduced no evidence that she complained about activity protected by § 1981. Mitchell–Foxworth alleges that she was treated differently than other employees because she complained about (1) her employer's "apparent ABS resistance to African–American marketing," and (2) the resulting nega-

---

1. Mitchell–Foxworth does not challenge the district court's finding that she failed to exhaust her administrative remedies and therefore could not bring a Title VII retaliation claim.

tive impact on her role as the employee responsible for marketing to the African–American community. But ABS's alleged failure to support marketing efforts targeted at the African–American community did not interfere with any contract to which Mitchell–Foxworth was a party on account of Mitchell–Foxworth's race. *See Domino's Pizza, Inc. v. McDonald,* — U.S. ——, 126 S.Ct. 1246, 1251, 163 L.Ed.2d 1069 (2006) (noting § 1981's "explicit statutory requirement that the plaintiff be the 'person' whose 'right ... to make and enforce contracts,' § 1981(a), was 'impaired,' § 1981(c), on account of race.").

Nor did Mitchell–Foxworth's alleged complaints reference a potential violation of the § 1981 rights of ABS's customers, because those complaints never implied that the customers' contractual rights were harmed in any way. Jubilee Bibles were still available to them on the same terms as any other customers. "[L]ukewarm support" for marketing efforts targeted at African–Americans does not impair any African–American's right to enter into contracts or rights under any existing contractual relationships. *See Domino's Pizza,* 126 S.Ct. at 1250 ("Section 1981 offers relief when racial discrimination blocks the creation of a contractual relationship, as well as when racial discrimination impairs an existing contractual relationship, so long as the plaintiff has or would have rights under the existing or proposed contractual relationship."). Because Mitchell–Foxworth failed to allege that she complained about actionable violations of § 1981, summary judgment was properly granted.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.